1

2

3 UNITED STATES DISTRICT COURT

4 DISTRICT OF NEVADA

5 * * *

6 DAVID BURNS,                                     Case No. 3:22-cv-00021-MMD-CLB

7                          Petitioner,                   ORDER

8       v.

   WARDEN RUSSELL, *et al.*,
9
                            Respondents.
10

11       Petitioner David Burns has submitted a petition for a writ of habeas corpus pursuant

12 to 28 U.S.C. § 2254. The Court dismisses this action because Burns did not pay the $5.00

13 filing fee, nor did he submit an application to proceed in forma pauperis with a financial

14 certificate and a copy of his inmate account statement, as required by 28 U.S.C.

15 § 1915(a)(2) and Local Rule LSR 1-2. Burns will need to commence a *new action* with

16 either payment of the $5.00 filing fee or filing a complete application to proceed in forma

17 pauperis, along with a petition for a writ of habeas corpus. A preliminary review of the

18 petition indicates that a promptly commenced new action would not suffer any difficulties

19 under the one-year time limit of 28 U.S.C. § 2244(d)(1).

20       This is not the first time that the Court has dismissed an action brought by Burns

21 for his failure either to pay the filing fee or to file an application to proceed in forma

22 pauperis. The Court did the same recently in *Burns v. Russell*, Case No. 3:21-cv-00493-

23 MMD-WGC. The Court thus repeats what Burns needs to do. He needs to commence a

24 *new action*. In that new action, he needs to submit a petition for a writ of habeas corpus.

25 In that new action, he also needs either to pay the $5.00 filing fee or to file an application

26 to proceed in forma pauperis, accompanied by a statement of his inmate account and a

27 financial certificate completed and signed by the appropriate prison official.

28 ///

1    Burns also has filed a motion for appointment of counsel. (ECF No. 3.) The Court

2    denies the motion because the Court is dismissing the action for the reasons stated above.

3    However, this gives the Court the opportunity to reinforce its point. The Court may appoint

4    counsel to represent a *financially eligible* petitioner. *See* 18 U.S.C. § 3006A. If Burns does

5    not file a complete application to proceed in forma pauperis, then the Court cannot

6    determine that he is financially eligible for representation by counsel.

7    Reasonable jurists would not find this conclusion to be debatable or wrong, and the

8    Court will not issue a certificate of appealability.

9    It is therefore ordered that the Clerk of Court send Petitioner a blank form for an

10   application to proceed in forma pauperis for incarcerated litigants with instructions and a

11   blank habeas corpus petition form under 28 U.S.C. § 2254 with instructions.

12   It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 3)

13   is denied.

14   It is further ordered that this action is dismissed without prejudice to Petitioner's

15   commencement of a new action in which he must either pay the filing fee in full or file a

16   complete application to proceed in forma pauperis, accompanied by a signed financial

17   certificate and a statement of his inmate account.

18   The Clerk of Court is directed to enter judgment accordingly and close this action.

19   It is further ordered that a certificate of appealability is denied.

20   DATED THIS 9th Day of February 2022.

21

22   _____

23   MIRANDA M. DU
     CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28

2