UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID BURNS,<br><br>       Petitioner,<br> v.<br>WARDEN RUSSELL, *et al.*,<br><br>       Respondents. | Case No. 3:22-cv-00021-MMD-CLB<br><br>ORDER |

  This is a closed habeas corpus action under 28 U.S.C. § 2254. The Court dismissed the action because the docket stated that petitioner David Burns had not paid the filing fee. (ECF No. 4.) Burns filed two motions to reconsider. (ECF Nos. 6, 7.) Both of them raise the same issue. Shortly after commencement of the action, Burns paid the filing fee, but that payment was not reflected on the Court's docket. (ECF No. 7 at 5.) The Court will grant Burns' motions and reopen the action.

  Burns also filed a motion for appointment of counsel, which the Court denied as part of dismissing the action. (ECF No. 3.) Having reviewed the petition, the Court concludes that representation by counsel would benefit Burns. Burns alleges that he suffers from fetal alcohol syndrome. (ECF No. 1 at 64.) In a counseled appellate brief attached to the petition, Burns' counsel noted that Burns has cognitive difficulties. (ECF No. 1 at 45.) Burns' case originally was a capital case, which he negotiated mid-trial to a stipulated sentence of life imprisonment without the possibility of parole in exchange for waiving certain appellate rights. The scope of that waiver resulted in much litigation. Finally, the issues that Burns presents are complex.

  However, Burns has not yet established that he is financially eligible for appointment of counsel under 18 U.S.C. § 3006A. He has paid the filing fee but has not

filed an application to proceed in forma pauperis. The Court will provisionally appoint counsel, conditioned upon Burns establishing that he is financially eligible.

It is therefore ordered that Petitioner's motions for reconsideration (ECF Nos. 6, 7) are granted. The order and judgment dismissing this case (ECF Nos. 4, 5) are vacated. The Clerk of the Court is directed to reopen this action.

It is further ordered that the denial of the motion for appointment of counsel (ECF No. 3) is vacated.

It is further is ordered that the motion for appointment of counsel (ECF No. 3) is provisionally granted.

It is further ordered that Petitioner file an application for leave to proceed in forma pauperis, accompanied by a statement of his inmate account and a financial certificate signed by the correct prison official. The Clerk of Court is directed to send Petitioner an Application To Proceed In Forma Pauperis (Inmate Packet). If Petitioner does not file the application within 30 days from the date of entry of this order, then the Court will vacate the provisional appointment of counsel.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel for Petitioner. The Federal Public Defender will have 30 days from the date of entry of this order either to undertake representation of Petitioner or to indicate to the Court the office's inability to represent Petitioner. If the Federal Public Defender is unable to represent Petitioner, then the Court will appoint alternate counsel, subject again to establishment of financial eligibility. The Court will set a deadline for filing of an amended petition or a motion seeking other relief after counsel has appeared. The Court does not signify any implied finding of tolling during any time period established or any extension granted. Petitioner always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. The Court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is further directed to add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

The Clerk of Court is further directed to provide copies of this order and all prior filings to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk of Court's current practice, such as regeneration of notices of electronic filing.

It is further ordered that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 4th Day of April 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE