1
2
3                    UNITED STATES DISTRICT COURT
4                          DISTRICT OF NEVADA
5                                 * * *
6    DAVID BURNS,                          Case No. 3:22-cv-00021-MMD-CLB
7                          Petitioner,                   ORDER
8         v.
9    WARDEN RUSSELL, *et al.*,
10                         Respondents.
11
12   **I.      SUMMARY**
13         Petitioner David Burns, a Nevada prisoner, has filed a counseled First-Amended
14   Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 19 ("Petition").)
15   Currently before the Court is Respondents' motion to dismiss the Petition. (ECF No. 36
16   ("Motion").) Burns responded to the Motion, and Respondents replied. (ECF Nos. 49, 52.)
17   For the reasons discussed below, the Court grants the Motion in part.
18   **II.     PROCEDURAL HISTORY AND BACKGROUND**
19         Burns and several individuals were involved in "a home robbery in which a woman
20   was shot and killed and her 12-year-old daughter was shot but survived." (ECF No. 48-
21   34 at 4.) Burns was alleged to have been the shooter. (*Id.*) During the middle of his capital
22   trial, Burns and the prosecution reached a stipulation: in the event of a conviction for first-
23   degree murder, the prosecution agreed to waive its right to seek the death penalty against
24   Burns, and, in exchange, Burns agreed to a sentence of life without the possibility of
25   parole and "to waive all appellate rights stemming from the guilt phase of the trial." (ECF
26   No. 45-11.) The jury found Burns guilty of conspiracy to commit robbery, conspiracy to
27   commit murder, burglary while in possession of a firearm, robbery with the use of a deadly
28   weapon, murder with the use of a deadly weapon, attempted murder with the use of a

1 deadly weapon, and battery with the use of a deadly weapon. (ECF No. 46-11.) Based

2 on the parties' stipulation, Burns was sentenced to, *inter alia*, life without the possibility of

3 parole. (*Id.*) Burns did not file a direct appeal.

4         Burns filed a state post-conviction petition on October 13, 2015. (ECF No. 46-13.)

5 The state court denied the petition on March 14, 2016. (ECF No. 47-3.) Burns appealed,

6 and the Nevada Supreme Court reversed and remanded, finding that "the district court

7 abused its discretion in denying the petition without appointing counsel." (ECF No. 47-

8 11.) Burns filed a counseled supplemental state post-conviction petition on November 27,

9 2017. (ECF No. 47-15.) The state court denied the supplemental petition on October 25,

10 2018. (ECF No. 47-24.) Burns appealed, and the Nevada Supreme Court affirmed in part,

11 reversed in part, and remanded, finding that Burns' trial counsel performed deficiently in

12 not filing a direct appeal and that Burns was prejudiced. (ECF No. 48-10.) As such, the

13 Nevada Supreme Court "conclude[d] that the district court erred in not granting the

14 petition as to this claim and providing the relief set forth in NRAP 4(c)."[1] (*Id.* at 9.) The

15 state court then entered an order directing a notice of appeal regarding Burns' judgment

16 of conviction. (ECF No. 48-13.) Following briefing, the Nevada Supreme Court affirmed

17 Burns' judgment of conviction on September 23, 2021. (ECF No. 48-34.)

18 **III.   LEGAL STANDARDS & ANALYSIS**

19         Respondents argue: (1) grounds 2, 4, 6, and 7 of the Petition should be dismissed

20 as unexhausted or, alternatively, procedurally barred; and (2) grounds 5 and 7 of the

21 Petition should be dismissed as non-cognizable. (ECF No. 36.)

22 ///

23 ///

24 ///

25

26        [1]This rule provides that "[a]n untimely notice of appeal from a judgment of

27 conviction and sentence may be filed" if "[a] postconviction petition for writ of habeas corpus has been timely and properly filed . . . asserting a viable claim that the petitioner

28 was unlawfully deprived of the right to a timely direct appeal from a judgment of conviction and sentence." Nev. R. App. Pro. 4(c)(1)(A).

**A.      Exhaustion and Procedural Default**

**1.      Exhaustion legal standard**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")).

A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to federal court. *See Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). But a petitioner may reformulate his claims so long as the substance of his argument remains the same. *See Picard*, 404 U.S. at 277-78.

**2.      Procedural default legal standard**

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim pursuant to an independent and adequate state procedural rule. *See Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000). "The Ninth Circuit has elaborated that a state rule must be clear, consistently applied, and well-established at

the time of the petitioner's purported default." *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005) (internal quotation marks omitted). "If a state procedural rule is not well-established before a petitioner supposedly breaks the rule, then the rule cannot prevent federal review of the petitioner's federal claims." *Id.*

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *See Maples v. Thomas*, 565 U.S. 266, 280-81 (2012). Ignorance or inadvertence does not constitute cause. *See Murray v. Carrier*, 477 U.S. 478, 486-87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *See id.* at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

### 3.   Grounds 2, 4, and 6

In ground 2, Burns alleges that the trial court erred by denying a pretrial motion to suppress the victim's identification of him and subsequent admission of that evidence during trial. (ECF No. 19 at 22.) In ground 4, Burns alleges that the trial court's submission of video recordings outside the evidence to the jury violated Burns' right to due process and a fair trial. (*Id.* at 28.) And in ground 6, Burns alleges that the trial court's imposition of a sentence of life without the possibility of parole violated his right to due process and to be free from cruel and unusual punishment. (*Id.* at 37.) Respondents argue that these grounds are unexhausted because the Nevada Supreme Court determined that Burns could not raise them on appeal. (ECF No. 36 at 7.) Burns rebuts that these grounds are exhausted because they were raised in his direct appeal with the Nevada Supreme Court. (ECF No. 49 at 2.)

///

1     In deciding Burns' direct appeal, the Nevada Supreme Court held that Burns'

2   waiver of appellate rights "encompassed Burns' claims stemming from every part of the

3   proceedings after the jury was impaneled up until the verdict was returned," except for

4   closing arguments which was orally reserved. (ECF No. 48-34 at 9-10.) The Nevada

5   Supreme Court then concluded that Burns' appeal waiver "includes the claims Burns

6   [brought] related to a motion to suppress evidence and jury deliberations." (*Id.* at 10.)

7     Regarding ground 2, the Nevada Supreme Court explained the following,

8   "[a]lthough the district court denied the motion to suppress evidence before the trial

9   started, Burns is actually challenging the admission of that evidence during the guilt phase

10  of the trial." (*Id.*) And regarding ground 4, the Nevada Supreme Court explained that: (1)

11  "the deliberations preceded the verdict as to Burns' guilt," so they were within the scope

12  of the waiver; (2) although this issue concerning jury deliberations occurred after the

13  stipulation to waive appellate rights was entered into, the stipulation would be honored if

14  it was knowingly and voluntarily entered into unless denying a right to appeal would cause

15  a miscarriage of justice; and (3) there was "no danger of a miscarriage of justice if the

16  appeal waiver is applied to the alleged error during jury deliberations" because "[t]he

17  alleged error occurred when the district court provided the jury a video recording of trial

18  testimony at the jury's request and with defense counsel's consent." (*Id.* at 10-12.) Finally,

19  regarding ground 6, the Nevada Supreme Court explained that "[a]lthough Burns'

20  challenge to the life-without-parole sentence is not barred by the appeal waiver, it

21  nonetheless is barred by his stipulation to that sentence as part of the [a]greement." (*Id.*

22  at 18.) However, unlike grounds 2 and 4, the Nevada Supreme Court also reached the

23  merits of grounds 6:

24     Even if we were to consider Burns' arguments about the sentence, they lack
       merit. "A sentence within the statutory limits is not cruel and unusual
25     punishment unless the statute fixing punishment is unconstitutional or the
       sentence is so unreasonably disproportionate to the offense as to shock the
26     conscience." *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996)
       (internal quotation marks omitted). Burns' sentence was certainly within the
27     statutory limits, *see* NRS 200.030(4)(b)(1), and was not unreasonably
       disproportionate to his offense of murder with the use of a deadly weapon.

28

1    (*Id.*) Because Burns presented the substance of grounds 2, 4, and 6 to the Nevada

2    Supreme Court, they are exhausted.

3         Turning to Respondents' procedural default argument, Burns agrees that grounds

4    2, 4, and 6 are procedurally defaulted. (*See* ECF No. 49 at 3.) However, Burns argues

5    that he can demonstrates good cause to overcome the procedural default for grounds 2,

6    4, and 6 because his trial counsel was ineffective for advising him to agree to the

7    stipulation that barred him from raising these claims on direct appeal. (ECF No. 49 at 3-

8    4.) And Burns argues that he demonstrates prejudice to overcome the procedural default

9    for grounds 2, 4, and 6 because these grounds are meritorious. (*Id.* at 4.)

10         For ineffective assistance of counsel to function as cause to excuse a procedural

11   default, the claim of ineffective assistance of counsel must be exhausted before the state

12   courts as an independent claim. *See Edwards*, 529 U.S. at 453. Burns argues that ground

13   1(d) establishes cause to overcome the procedural default of grounds 2, 4, and 6. (ECF

14   No. 49 at 4-6.) In ground 1(d), Burns alleges that his trial counsel provided ineffective

15   assistance of counsel by failing to move to strike the death penalty based on Burns'

16   intellectual disability and fetal alcohol syndrome. (ECF No. 19 at 15.) Respondents rebut

17   that ground 1(d) cannot establish cause to overcome the procedural default for grounds

18   2, 4, and 6 because ground 1(d) is not a claim that trial counsel was ineffective for advising

19   him to agree to the stipulation, which is the only ineffective assistance claim that could be

20   used as cause in this situation. (ECF No. 52 at 3.) This Court finds that Respondents

21   have interpreted ground 1(d) too narrowly. Ground 1(d) discusses not only Burns' trial

22   counsel's failure to move to strike the death penalty, but it also discusses the fact that

23   such inaction led to ineffectively advising Burns to enter into the stipulation to avoid the

24   death penalty. (ECF No. 19 at 15-16.) However, because ground 1(d) has not been fully

25   briefed, this Court defers ruling on whether Burns can establish cause to overcome the

26   procedural default of grounds 2, 4, and 6 until after (1) the filing of an answer and reply

27   and (2) considering whether Burns' trial counsel was ineffective in ground 1(d).

28   ///

### 4.    Ground 7

In ground 7, Burns alleges that the cumulative errors prejudiced him. (ECF No. 19 41.) Respondents argue that Burns never raised a cumulative error claim containing both direct appeal claims and post-conviction claims before the Nevada appellate courts. (ECF No. 36 at 8.) Burns rebuts that he raised a cumulative error claim in the supplement to his initial habeas petition and then raised the issue on appeal. (ECF No. 49 at 8 (citing ECF No. 48-2 at 60).) While Burns raised a cumulative error claim regarding his trial counsel's ineffectiveness (*see* ECF No. 48-2 at 60), he never raised a cumulative error claim containing his direct appeal claims (*see* ECF No. 48-21). Therefore, to the extent it relies on his direct appeal claims, ground 7 is unexhausted.

### B.    Cognizability

The Antiterrorism and Effective Death Penalty Act "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *See McGuire*, 502 U.S. at 68.

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *See Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *See Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004). A petitioner "cannot, merely by injecting a federal question into an action that asserts it is plainly a state law claim, transform the action into one arising under federal law." *Caterpillar v. Williams*, 482 U.S. 386, 399 (1987); *accord Poland v. Stewart*, 169

F.3d 573, 584 (9th Cir. 1999) (holding that federal habeas courts lack jurisdiction "to review state court applications of state procedural rules").

### 1.    Ground 5

In ground 5, Burns alleges that the trial court violated the equal protection clauses of the United States and Nevada Constitutions by denying challenges to discriminatory practices prohibited by *Batson v. Kentucky*. (ECF No. 19 at 31.) Respondents argue that a challenge to the Nevada constitution is not cognizable in federal habeas actions. (ECF No. 36 at 9.) This Court agrees and concludes that ground 5 is dismissed to the extent it relies on the Nevada constitution.

### 2.    Ground 7

As a reminder, in ground 7, Burns alleges that cumulative errors prejudiced him. (ECF No. 19 at 41.) Respondents argue that cumulative error claims are not cognizable on federal habeas review. (ECF No. 36 at 10.) The Court disagrees. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (explaining that "[t]he Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair") (citing *Chambers v. Mississippi*, 401 U.S. 284, 298, 302-03 (1973)); *see also Bemore v. Chappell*, 788 F.3d 1151, 1176 (9th Cir. 2015) ("The two ineffective representation decisions . . . must be viewed cumulatively in determining whether the *Strickland* prejudice standard was met.")); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (explaining that the prejudice prong "requires showing that counsel's *errors* were so serious as to deprive the defendant of a fair trial.") (emphasis added). Ground 7 is cognizable.

## IV.    OPTIONS REGARDING THE PARTIALLY UNEXHAUSTED CLAIM

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *See id.* In the instant case, the Court concluded that ground 7 is unexhausted in part. Because the Court finds that

the Petition contains a partially unexhausted claim, Burns has these options: (1) he may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; (2) he may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[2] or (3) he may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

**V.      CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 36) is granted, in part, as follows: (1) grounds 2, 4, and 6 are exhausted but procedurally defaulted, and the Court defers consideration of whether Burns can demonstrate cause to overcome the procedural default of these grounds until it determines whether Burns' trial counsel was ineffective in ground 1(d); (2) ground 7 is unexhausted to the extent it relies on his direct appeal claims; and (3) ground 5 is dismissed to the extent it relies on the Nevada constitution.

It is further ordered that Burns has until November 10, 2023, to inform the Court which one of the following three options he chooses: (1) inform the Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted portion of ground 7; (2) inform the Court in a sworn declaration that he wishes to dismiss this Petition without prejudice in order to return to state court to exhaust the unexhausted portion of ground 7; or (3) file a motion for a stay and abeyance. If Burns chooses to file a motion for a stay and abeyance or seeks other appropriate relief, Respondents may respond according to Local Rule 7-2.

It is further ordered that if Burns elects to abandon the unexhausted portion of ground 7, Respondents have 60 days from the date Burns serves his declaration of

---

[2]The Court makes no assurances as to the timeliness of any future-filed petition.

abandonment in which to file an answer to Burns's remaining grounds for relief. Burns will then have 30 days from the date of service of Respondents' answer to file a reply.

DATED THIS 9th Day of October 2023.

_____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE